**POTTS & ASSOCIATES**
*Staff Counsel for the Travelers Indemnity Company*
*and its Property Casualty Affiliates*
P.O. Box 64093
St. Paul, MN 55164-0093
Telephone: (480) 585-8809
Facsimile: (877) 365-8043
Order/Minute Entry Email: rplaw01@Travelers.com

Walter Grochowski, Esq.
State Bar No. 010895
Attorney for Defendant Henry Brown Buick GMC, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Charles McEwen;<br><br>Plaintiff,<br><br>v.<br><br>William Edward Delong, Jr., d.b.a. Advantage Auto Motorsports; Henry Brown Buick GMC, LLC; Jose H. Galvez, d.b.a. Perico's General Construction; and Perico's Construction, LLC;<br><br>Defendants. | Case No. 2:19-CV-05192-SMB<br><br>**DEFENDANT HENRY BROWN BUICK GMC, LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Assigned to the Hon. Susan M. Brnovich)<br><br>(Oral Argument Requested) |

Defendant Henry Brown Buick GMC, LLC, by and through undersigned counsel, hereby moves the Court for summary judgment in its favor as to the only count alleged against Defendant Henry Brown Buick GMC, LLC by Plaintiff in his Complaint, Count One, claim for alleged violation of the Federal Odometer Act, 49 U.S.C. § 32701 *et seq*. Defendant Henry Brown Buick GMC, LLC is entitled to summary judgment, for the following reasons:

1) 49 CFR 580.17(a)(3) exempts from the Federal Odometer Act's disclosure requirements any transfer of a vehicle manufactured in a model year beginning at least 10 years before January 1 of the calendar year in which the transfer occurs.  The Truck was manufactured in 2007, sold in October 2007, as a 2008-year model.  The transfer of the truck by Defendant Jose H. Galvez, d.b.a. Perico's General Construction to Henry Brown Buick GMC, LLC was on October 27, 2018.  The transfer from Henry Brown Buick GMC, LLC to Manheim Auction, and subsequently sold to Advantage Auto Motorsports, occurred in 2019.  Thus, the truck was over 10 years old and therefore exempt from the Federal Odometer Act's disclosure requirements at the time of transfer of the truck by Henry Brown Buick GMC, LLC.

2) Should the Court determine the subject vehicle was not exempt from the Federal Odometer Act's disclosure requirements, Henry Brown Buick GMC, LLC did not violate the Federal Odometer Act as it did not intend to make any false statements or defraud any transferee. Without an intent to defraud, Henry Brown Buick GMC, LLC cannot be liable under the Federal Odometer Act.

There is no genuine dispute as to any material fact, and Defendant Henry Brown Buick GMC, LLC is entitled to judgment as a matter of law.  This Motion is submitted pursuant to Rule 56, Federal Rules of Civil Procedure.  The attached Memorandum of Points and Authorities, and the separately filed Statement of Facts support this Motion, which are incorporated herein by reference.

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

### A.  SUMMARY OF FACTS.

3

This action arises from a purchase by Plaintiff Brandon Charles McEwen, of a 2008 GMC

4 2500 Duramax diesel Truck, VIN 1GTHK23688F109288, (hereafter "GMC truck"), from

5 Defendant William Edward Delong, Jr., doing business as Advantage Auto Motorsports on

6 March 29, 2019. (Defendant Henry Brown Buick GMC, LLC's Statement of Facts, filed

7 concurrently, hereinafter "DSOF" 1).  Advantage Auto represented to Plaintiff that the GMC

8 truck had a clean title with 160,438 actual miles. (DSOF 2).  Plaintiff alleges he subsequently

9 obtained documents that led him to believe and allege there was more than 160,438 actual miles

10 on the GMC truck.  (DSOF 3).  He brought this Complaint and as against Defendant Henry

11 Brown Buick GMC, LLC alleges in Count One of his Complaint, a claim for alleged violation of

12 the Federal Odometer Act, 49 U.S.C. § 32701 *et seq*.  (DSOF 4).

13

The GMC truck was first put into service on or about October 16, 2007. The October 16,

14 2007 title shows that Defendant Galvez, d.b.a. Perico's General Construction, purchased the

15 GMC truck new, with only 15 miles. (DSOF 5).  Four years later, on February 15, 2012, Galvez

16 obtained a new Arizona certificate of title to the GMC truck. The February 15, 2012 title reflects

17 that the GMC truck had 135,000 actual miles when Galvez obtained the title. (DSOF 6).  More

18 than six years later, on October 27, 2018, Galvez sold the GMC truck to Henry Brown Buick

19 GMC. At the time of sale to Henry Brown Buick GMC, Galvez signed the back of the title

20 certifying that the mileage on the GMC truck was 160,360 actual miles.  (DSOF 7).  Galvez also

21

signed a Secure Odometer Disclosure certifying that the odometer reading on the GMC truck was 160,360 actual miles, dated October 27, 2018. (DSOF 8).

Plaintiff alleges that during the time he owned the GMC truck, Galvez, or someone on his behalf, altered or rolled back the odometer on the GMC by more than 100,000 miles, and that Galvez altered or rolled back the odometer on the GMC with the intent to defraud.  (DSOF 9). Galvez has denied these allegations in his Answer.  (DSOF 10).

After purchasing the GMC truck, on November 3, 2018 Henry Brown obtained a new Arizona certificate of title to the GMC truck in its name. The front of the Henry Brown title reflected that the GMC truck had 160,360 actual miles, the same number of miles as represented to Henry Brown by Galvez in his Secure Odometer Disclosure.  (DSOF 11).  Plaintiff does not allege Henry Brown Buick GMC rolled back or otherwise tampered with the odometer, but simply that it "knew or should have known" the mileage reflected on the GMC truck's odometer did not reflect the actual miles.  (DSOF 12).  Plaintiff alleges there was "intent to defraud" under the Federal Odometer Act due to the Henry Brown title reflecting that the GMC truck had 160,360 actual miles. This allegation was denied by Henry Brown in its Answer.  (DSOF 13).

Four months after purchasing the GMC truck, on or about March 21, 2019, Advantage Auto obtained it from Manheim Auction, where it had been sent by Henry Brown for sale. (DSOF 14).  At the time title was transferred to Advantage Auto, Henry Brown stated on the back of the title that the GMC truck had 160,438 actual miles, 78 miles more than the 160,360 actual miles represented to Henry Brown by Galvez in his Secure Odometer Disclosure.  (DSOF 15).  At the time of purchase by Plaintiff, Advantage Auto prepared and signed a Secure

Odometer Statement on the GMC truck stating that the odometer reading was 160,480 actual miles. (DSOF 16).   Plaintiff alleges in his Complaint that he tried to sell the GMC truck in July 2019, and was shown paperwork that led him to believe the GMC truck had more than the 160,480 actual miles represented by Advantage Auto at the time he purchased it from Advantage Auto. (DSOF 17).

**B.**   **ARGUMENT.**

**EXEMPTION UNDER 49 CFR 580.17(a)(3) FROM THE FEDERAL ODOMETER ACT'S DISCLOSURE OF MILEAGE REQUIREMENTS**

The Federal Odometer Act, 49 U.S.C. § 32701 *et seq*. in pertinent part 49 U.S.C. § 32705 regarding disclosure of a vehicle's actual mileage, provides:

**(a)(1)  Disclosure requirements.**--Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:

**(A)** Disclosure of the cumulative mileage registered on the odometer.

**(B)** Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

**(2)** A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.

….

**(5)** The Secretary may exempt such classes or categories of vehicles as the Secretary deems appropriate from these requirements. Until such time as the Secretary amends or modifies the regulations set forth in 49 CFR 580.6, such regulations shall have full force and effect.

Pursuant to The Federal Odometer Act, 49 U.S.C. § 32705(a)(5) noted above, 49 CFR 580.17(a)(3) exempts from the Federal Odometer Act's disclosure requirements any transfer of a vehicle manufactured in a model year beginning at least 10 years before January 1 of the calendar year in which the transfer occurs.  The Truck was manufactured in 2007, sold in October 2007, as a 2008-year model.   The transfer of the truck by Defendant Jose H. Galvez, d.b.a. Perico's General Construction to Henry Brown Buick GMC, LLC was on October 27, 2018.  The transfer from Henry Brown Buick GMC, LLC to Manheim Auction, and subsequently sold to Advantage Auto Motorsports, occurred in 2019.  Thus, the truck was over 10 years old and therefore exempt from the Federal Odometer Act's disclosure requirements at the time of transfer of the truck by Henry Brown Buick GMC, LLC.

49 CFR 580.17(a)(3) is very clear in its language:

(a) A transferor or a lessee of any of the following motor vehicles need not disclose the vehicle's odometer mileage:

….

(3)(i) A vehicle manufactured in or before the 2010 model year that is transferred at least 10 years after January 1 of the calendar year corresponding to its designated model year;

(ii) Example to paragraph (a)(3): For vehicle transfers occurring during calendar year 2020, model year 2010 or older vehicles are exempt.

49 CFR 580.17(a)(3) has been the law for a number of years, and Plaintiff is not expected to argue it is not valid or unconstitutional for any reason.  It is clear law that the language of statute/law/regulation controls if it is sufficiently clear in context.  *See., e.g., Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 200-01, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). The plain reading of 49 CFR 580.17(a)(3) precludes liability because the vehicle at issue here, was over 10 years old, and thus was exempt from the Federal Odometer Act's mileage-reporting requirements, and thus likewise exempt from the Federal Odometer Act's prohibition against giving false statements when making a required disclosure.

The Truck was manufactured in 2007, sold in October 2007, as a 2008 year model.  The transfer of the truck by Defendant Jose H. Galvez, d.b.a. Perico's General Construction to Henry Brown Buick GMC, LLC was on October 27, 2018.  The transfer from Henry Brown Buick GMC, LLC to Manheim Auction, and subsequently sold to Advantage Auto Motorsports, occurred in 2019.

Therefore, pursuant to the provisions of 49 CFR 580.17(a)(3), for the vehicle transfer occurring during calendar year 2018, because the truck was a model year 2008 or older, the vehicle was exempt from having to disclose the vehicle's odometer mileage.  For the vehicle transfer occurring during calendar year 2019, because the truck was a model year 2008 or older, the vehicle was exempt from having to disclose the vehicle's odometer mileage.

Thus, the truck was over 10 years old and therefore exempt from the Federal Odometer Act's disclosure requirements at the time of transfer of the truck by Henry Brown Buick GMC,

LLC.  Summary Judgment must be granted in favor of Henry Brown Buick GMC, LLC, as plaintiff cannot sustain an action against it under the Federal Odometer Act.

**ALTERNATIVELY, NO EVIDENCE OF INTENT TO DEFRAUD**

Should the Court determine the subject vehicle was not exempt from the Federal Odometer Act's disclosure requirements, Henry Brown Buick GMC, LLC did not violate the Federal Odometer Act as it did not intend to make any false statements or defraud any transferee.  Without an intent to defraud, Henry Brown Buick GMC, LLC cannot be liable under the Federal Odometer Act.

Intent to defraud required to sustain an action under the Federal Odometer Act requires specific intent to defraud as to the specific mileage of a motor vehicle rather than a general intent to defraud.  *Ioffe v. Skokie Motor Sales, Inc.,* 414 F.3d 708 (7th Cir. 2005), cert. denied 126 S. Ct. 1432, 164 L.Ed.2d. 133 (U.S. 2006), *Nabors v. Auto Sports Unlimited, Inc.,* 475 F. Supp 2d. 646 (E.D. Mich. 2007).  It is clear that a showing of simple negligence is not enough to sustain an action under the Federal Odometer Act, as negligence is not enough to show "specific intent" to defraud*. Please see, e.g., Huson v. General Motors Acceptance Corp*., 108 F.3d 172 (8th Cir. 1997); *Jones v. Hanley Dawson Cadillac Co*., 848 F.2d 803 (7th Cir. 1988).

In the present case, Plaintiff has absolutely no evidence from which a trier of fact could conclude Henry Brown Buick GMC, LLC had any intent to make any false statements or defraud any transferee or had any "specific intent to defraud as to the specific mileage of a motor vehicle".  Defendant Henry Brown Buick GMC, LLC simply had a title in its name based on the actual mileage represented by Defendant Galvez.  It is not alleged Henry Brown Buick GMC, LLC

8

rolled back or altered the actual mileage. The Henry Brown title reflected that the GMC truck had 160,360 actual miles, the same number of miles as represented to Henry Brown by Galvez in his Secure Odometer Disclosure.  Plaintiff does not have any deposition testimony or evidence discovered in this case to support any opposition to this motion to support the requisite intent under the Federal Odometer Act.  Plaintiff simply has no evidence to support a conclusion of intent to make any false statements or defraud any transferee or any "specific intent to defraud as to the specific mileage of a motor vehicle", and any negligence is not enough to show "specific intent" to defraud.

## C.    CONCLUSION

For the reasons set forth above, Defendant Henry Brown Buick GMC, LLC is entitled to judgment as a matter of law.    Defendant Henry Brown Buick GMC, LLC respectfully asks the Court to enter its order granting judgment in its favor and against Plaintiff.

DATED this 19th day of February, 2021.

POTTS & ASSOCIATES

By: _____
Walter Grochowski, Esq.
Attorney for Defendant Henry Brown Buick
GMC, LLC

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on February 19, 2021, I caused the foregoing document to be filed

3   electronically with the Clerk of the Court through the CM/ECF System for filing, and served on

4   counsel via the Court's CM/ECF System as follows:

5   Floyd W. Bybee, Esq.
    BYBEE LAW CENTER, PLC
6   90 S. Kyrene Rd., Ste. 5
    Chandler, AZ 85226
7   Floyd@bybeelaw.com
    *Attorney for Plaintiff*

8
    Araceli Rodriguez, Esq.
9   PAMELA WALSMA, P.C.
    682 S. Fourth Avenue
10  Yuma, AZ 85364
    ARodriguez@yumalawfirm.com
11  *Attorneys for Defendants Jose. H. Galvez*
    *dba Perico's General Construction*
12  *and Perico's Construction, LLC*

13
    By: _alice G. LaReade_____
14

15

16

17

18

19

20

21