**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Charles McEwen,<br><br>Plaintiff,<br><br>v.<br><br>William Edward Delong, Jr., et al.,<br><br>Defendants. | No. CV-19-05192-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant Henry Brown Buick GMC, LLC's ("Henry Brown Buick") Motion for Summary Judgment, (Doc. 75), and Defendant Henry Brown Buick's Statement of Facts in Support of Motion for Summary Judgment. (Doc. 76.) Defendants Jose Galvez and Perico's Construction, LLC ("Perico's Construction") jointly filed a response in which they joined Defendant Henry Brown Buick's Motion for Summary Judgment. (Doc. 80.) Plaintiff Brandon McEwan filed a response, (Doc. 81), and Plaintiff's Response in Opposition to Defendant's Statement of Facts and Controverting Statement of Facts. (Doc. 82.) Defendant Henry Brown Buick filed a reply, (Doc. 86), and a response to Plaintiff's Separate Statement of Facts. (Doc. 87.) The Court has declined to hold oral argument, finding that it is unnecessary. *See* LRCiv 7.2(f). The Court has considered the pleadings and relevant authority and now issues this order denying the motion.

**I. BACKGROUND**

This action arose from the sale of a 2008 GMC 2500 Duramax diesel truck, VIN

1GTHK23688F109288 (the "GMC truck") from Advantage Auto Motor Sports ("Advantage Auto") to Plaintiff on March 29, 2019. The relevant facts are as follows:

On March 29, 2019, Plaintiff bought the GMC truck from Defendant William Edward Delong, Jr., doing business as Advantage Auto. (Doc. 76 ¶ 1.) Advantage Auto represented that the GMC truck had a clean title with 160,438 miles. (*Id.* ¶ 2.) Plaintiff subsequently obtained document which led him to believe that there were actually many more miles on the GMC truck. (*Id.* ¶ 3.)

The title of the GMC truck shows that it was originally purchased by Defendant Galvez, d.b.a. Perico's General Construction, on October 16, 2007. (*Id.* ¶ 5.) At that time, the GMC truck had only 15 miles. (*Id.*) On February 15, 2012, Defendant Galvez obtained a new Arizona title to the GMC truck. (*Id.* ¶ 6.) At that time, the title reflected that the GMC truck had 135,000 miles. (*Id.*) On October 27, 2018, Defendant Galvez sold the GMC truck to Henry Brown Buick. (*Id.* ¶ 7.) Before taking the GMC truck in on trade from Defendant Galvez, Henry Brown Buick acquired a CarFax Vehicle History Report on the truck. (Doc. 82 ¶ 18.) A sales manager at Henry Brown Buick acquired the CarFax report in order to determine whether the vehicle had been in an accident and how many owners it had. (Doc. 82-1, Ex. H at 2.) The CarFax report acquired by Henry Brown Buick showed that the GMC truck's mileage was recorded at 275,292 miles when it was serviced on January 14, 2018. (Doc. 82 ¶ 23.) The CarFax report showed five instances between November 19, 2012 and January 14, 2018 where the mileage was recorded in excess of the 160,360 miles reflected on the GMC truck's odometer. (Doc. 82 ¶ 25.) Nonetheless, Henry Brown Buick noted that it had a clean "Box A title" and noted that Defendant Galvez had signed the odometer reading form stating that the mileage reading on the GMC truck's odometer was accurate. (Doc. 82-1, Ex. H at 3.) Henry Brown Buick prepared the Arizona Secure Power of Attorney which included the entry of 160,380 miles and gave to it to Defendant Galvez to sign. (Doc. 82 ¶ 27.) Henry Brown Buick kept the October 29, 2018 CarFax report in the deal jacket for the GMC truck. (Doc. 82 ¶ 28.) At that time, the title of the GMC truck said that truck had 160,360 actual miles. (Doc. 76 ¶ 7.) Further,

Defendant Galvez signed a Secure Odometer Disclosure certifying that the odometer reading on the GMC truck was 160,360 actual miles. (*Id.* ¶ 8.) On November 3, 2018, Henry Brown Buick obtained a new Arizona certificate of title to the GMC truck that reflected that the truck had 160,360 actual miles. (*Id.* ¶ 11.) After acquiring the GMC truck, Henry Brown Buick sent the truck to Manheim Auction to be sold. (*Id.* ¶ 14.) After it sent the GMC truck to the auction, Henry Brown received notice from the auction that a customer wanted to negotiate the sales amount due to a possible "TMU" or true mileage unknown issue with the odometer on the GMC truck. (Doc. 82 ¶ 33.)

On or about March 21, 2019, Advantage Auto bought the GMC truck from Manheim Auction where it had been sent by Henry Brown Buick for sale. (Doc. 76 ¶ 14.) At the time of the sale to Advantage Auto, the title of the GMC truck stated that it had 160,438 miles. (*Id.* ¶ 15.) Plaintiff then bought the GMC truck from Advantage Auto on March 29, 2019. (*Id.* ¶ 1.) During Plaintiff's purchase of the GMC truck from Advantage Auto, Advantage Auto prepared and signed a Secure Odometer Statement on the truck stating that the odometer reading was 160,480 miles. (*Id.* ¶ 16.) After purchasing the GMC truck, Plaintiff attempted to trade in the truck at a different dealership. (Doc. 82 ¶ 37.) The dealership showed Plaintiff the CarFax Vehicle History Report on the GMC truck showing that the truck had more miles than were listed on the odometer. (*Id.* ¶ 39.) A different dealership showed Plaintiff a Workbench report showing that the GMC truck was serviced at a GMC dealership on December 29, 2017 with the odometer reading of 275,292 miles. (*Id.* ¶ 42.)

Plaintiff has now brought this lawsuit against Defendants Delong Jr., Advantage Auto, Henry Brown Buick, Galvez and Perico's Construction alleging violations of Odometer Act, 49 U.S.C. §§ 32701, *et seq.*, breach of express warranty, and violation of the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521, *et seq*. (Doc. 1.) Only the Odometer Act claim is alleged against Defendants Henry Brown Buick, Galvez, and Perico's Construction. (Doc. 1 ¶¶ 99-106.)

**II. STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The court need only consider the cited materials, but it may also consider any other materials in the record. *Id.* 56(c)(3). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of demonstrating to the Court the basis for the motion and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the movant fails to carry its initial burden, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If the movant meets its initial responsibility, the burden then shifts to the nonmovant to establish the existence of a genuine issue of material fact. *Id*. at 1103. The nonmovant need not establish a material issue of fact conclusively in its favor, but it "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Liberty Lobby*, 477 U.S. at 247–48. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). However, in the summary judgment context, the Court believes the nonmovant's

evidence, *id.* at 255, and construes all disputed facts in the light most favorable to the nonmoving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). If "the evidence yields conflicting inferences [regarding material facts], summary judgment is improper, and the action must proceed to trial." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

**III. ANALYSIS**

Defendant Henry Brown Buick advances two arguments in its Motion for Summary Judgment. First, it argues that 49 C.F.R. 580.17(a)(3) of the Odometer Act exempts from the disclosure requirement vehicles manufactured in or before the 2010 model year that are transferred at least 10 years after January 1 of the calendar year corresponding to its designated model year. 49 C.F.R. § 580.17(a)(3)(i). Because the GMC truck was manufactured in 2007 as a model year 2008 and sold to Henry Brown Buick in October 2018, Henry Brown Buick argues that it was exempt from the disclosure requirement and that it cannot be held liable under the Act. In the alternative, if the Court determines that the GMC truck was not exempt from the Odometer Act, Henry Brown Buick argues that it is not liable under the Act because there is no evidence that it intended to make any false statement or defraud any transferee as required by the Act. Thus, it argues that it is entitled to summary judgment.

Defendants Galvez and Perico's Construction join in Defendant Henry Brown Buick's Motion for Summary Judgment. Additionally, Defendant Perico's Construction argues that "Plaintiff has submitted no evidence that Defendant Galvez did business as Perico's Construction, L.L.C." (Doc. 80 at 5.) Therefore, they argue that summary judgment is appropriate for both Defendants Galvez and Perico's Construction on the Odometer Act claim.

**A. Exemption Under 49 C.F.R. § 580.17(a)(3)**

The Odometer Act requires a person transferring ownership of a motor vehicle to give the transferee a written disclosure stating the cumulative mileage registered on the odometer. 49 U.S.C. § 32705(a)(1)(A). A person transferring ownership of a motor vehicle

may not give a false statement to the transferee in making this disclosure. 49 U.S.C. § 32705(2). Disclosure of the vehicle's cumulative mileage must be made to the transferee in writing on the title. 49 C.F.R. § 580.5(c). Exempted from this disclosure requirement are vehicles "manufactured in or before the 2010 model year that [are] transferred at least 10 years after January 1 of the calendar year corresponding to its designated model year." 49 C.F.R. § 580.17(a)(3)(i). "The net effect of these provisions and regulations is that a person or entity transferring ownership of a motor vehicle must disclose the odometer mileage in writing on the title, but 'need not' make such a disclosure if the vehicle was manufactured at least ten years before the calendar year of the transfer." *Moxey v. Jimmy Auto Sale LLC*, No. CV174731ESJAD, 2019 WL 1399556, at *4 (D.N.J. Mar. 28, 2019) (citing 49 U.S.C. § 32705(a)(2) & quoting 49 C.F.R. § 580.17(a)(3)).

Certain district courts have concluded that the disclosure exemption can be waived if a transferor falsely discloses the mileage of the motor vehicle on the title when making a transfer. *Moxey*, 2019 WL 1399556, at *5 (finding that a defendant waived the exemption to the disclosure requirement by making a disclosure that falsely represented a Subaru's mileage); *Tirtel v. Sunset Auto & Truck, LLC*, No. 218CV481FTM99MRM, 2019 WL 186650, at (M.D. Fla. Jan. 14, 2019) ("[O]nce a transferor elects to disclose odometer information it must do so truthfully."); *Extra Mile, LLC v. Don Baskin Truck Sales, LLC*, No. 06-2589-P, 2007 WL 9706253, at *4 (W.D. Tenn. Nov. 6, 2007) ("A party may waive an exemption to the Odometer Act by voluntarily disclosing the odometer reading of an otherwise exempt vehicle."); *Coleman v. Lazy Days RV Ctr., Inc.*, No. 805CV930T17TBM, 2006 WL 889736, at *4 (M.D. Fla. Mar. 31, 2006) ("[W]hen a seller does nevertheless voluntarily disclose, the statement must be accurate and truthful."). I

However, other courts have reached the opposite conclusion. *See, e.g., Midwestern Motor Coach Co. v. Gen. Elec. Co.*, 289 F. App'x 958, 959 (8th Cir. 2008) (upholding the district court's ruling that a bus seller could not be held liable for a false disclosure under The Odometer Act because it was an exempt vehicle). Regarding the *Midwestern* case, the court in *Moxey* wrote:

> *Midwestern Motor Coach* and similar cases ignore, however, that the Odometer Act is a remedial statute aimed at preventing odometer tampering and fraud. *See* 49 C.F.R. § 580.2 ("The purpose of this part is to provide purchasers of motor vehicles with odometer information to assist them in determining a vehicle's condition and value...."). As a remedial statute, the Odometer Act's provisions "should be broadly construed to effectuate its purpose." *Owens v. Samkle Automotive, Inc.*, 425 F.3d 1318, 1322 (11th Cir. 2005). The Court, thus, finds cases like *Midwestern Motor Coach* unpersuasive. *See Tirtel*, 2019 WL 186650, at *3.

*Moxey*, 2019 WL 1399556, at *4 n.4.

The Court agrees with *Moxey* and the line of cases holding that the exemption for vehicles 10 years and older is waived when a transferor voluntarily discloses the mileage. Specifically, the Court finds persuasive that the language of the exemption states that a transferor "*need not*" make the disclosure if a vehicle is manufactured before the 2010 model year and is at least 10 years old. 49 C.F.R. § 580.17(a)(3)(i) (emphasis added). This language clearly only excuses transferors from disclosing the mileage and does not give them permission to make false disclosures. This is especially true in light of the Odometer Act's purposes of preventing odometer tampering and odometer fraud. *See Owens*, 425 F.3d at 1322 (citing 49 U.S.C. § 32701 (2000)). The exemption provided by 49 C.F.R. § 580.17(a)(3) does not provide a license to make false statements.

Here, it is undisputed that the GMC truck fell within the exemption in 49 C.F.R. § 580.17(a)(3) because it was a model year 2008 and manufactured over ten years before the transfers from Defendant Galvez to Henry Brown Buick and from Henry Brown Buick to Advantage Auto. Nonetheless, both Defendants Galvez and Henry Brown Buick voluntarily disclosed mileage for the GMC truck that was later proven to be false. Accordingly, the Court finds that Defendants Galvez and Henry Brown Buick waived the exemption under the Odometer Act and can still be subject to liability under the Act.

### B. Evidence of Intent to Defraud Under Odometer Act

Henry Brown Buick argues in the alternative that Plaintiff has not shown evidence

of intent to defraud under the Odometer Act. Defendant Galvez joins in this argument.

The Odometer Act provides, "A person who violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater." 49 U.S.C. § 32710(a). "[T]he plain and ordinary meaning of the phrase 'intent to defraud' envisions misconduct more invidious than mere negligence." *Jones v. Hanley Dawson Cadillac Co.*, 848 F.2d 803, 807 (7th Cir. 1988). "[A] transferor need not have actual knowledge that the odometer statement was false before liability may be imposed" under the Odometer Act. *Suiter v. Mitchell Motor Coach Sales, Inc.*, 151 F.3d 1275, 1282 (10th Cir. 1998). Intent to defraud may be inferred if a transferor lacks knowledge only because he or she recklessly disregards the truth or closes his or her eyes to the truth. *Suiter*, 151 F.3d at 1282; *Haynes v. Manning*, 917 F.2d 450, 453 (10th Cir. 1990) (holding that "intent to defraud" should be defined to include "reckless disregard"); *Alexander v. Se. Wholesale Corp.*, No. 2:13CV213, 2014 WL 1165844, at *4 (E.D. Va. Mar. 21, 2014) ("A transferor need not have actual knowledge of an odometer discrepancy to have intent to defraud: it is enough if the transferor had constructive knowledge of or recklessly disregarded an inaccurate odometer reading and did not disclose it."). Courts in the Tenth Circuit have previously concluded that "an automobile dealer cannot escape liability under the Odometer Act by relying solely on the odometer reading and the assertions of the previous owner." *Suiter*, 151 F.3d at 1284 ("dealers have an affirmative duty to discover odometer defects."); *Haynes*, 917 F.2d at 453 ("The federal odometer law imposes an affirmative duty on automobile dealers to discover defects."). A plaintiff must prove intent to defraud under the Odometer Act by a preponderance of the evidence. *Landrum v. Goddard*, 921 F.2d 61, 62 (5th Cir. 1991).

In this case, the Court finds that there is sufficient evidence on which a jury could find that Henry Brown Buick acted with the intent to defraud when it transferred the GMC truck with false mileage readout. First, a sales manager at Henry Brown Buick pulled the CarFax report which clearly lists that the GMC truck was serviced less than a year earlier

with 115,000 more miles than was listed on the odometer.[1] The CarFax report should have at least prompted Henry Brown Buick to investigate further. Instead, as Henry Brown Buick admitted in a discovery response, it simply relied on the clean "Box A" title. After Henry Brown Buick sent the GMC truck to be auctioned, it received notice from the auction that a customer wanted to negotiate the price based on a possible "TMU" (true mileage unknown). This also should have at minimum prompted Henry Brown Buick to investigate further. Nonetheless, Henry Brown Buick sold the truck with the mileage listed on the odometer and the title. These facts amount to constructive knowledge on the part of Henry Brown Buick or reckless disregard of an inaccurate odometer reading. *See Suiter*, 151 F.3d at 1284. Thus, the Court finds that there is a dispute of material fact as to whether Henry Brown Buick intended to defraud when it falsely represented the GMC truck's mileage during the transfer of the truck to Advantage Auto via auction.

Likewise, there is a dispute of material fact as to whether Defendant Galvez intended to defraud when he traded in the GMC truck to Henry Brown Buick with a false mileage reading on the odometer, title, and disclosure. Specifically, Defendant Galvez was the only owner of the truck when he bought it new in 2007 and when he sold it to Henry Brown Buick in October of 2018. (Doc. 76 ¶¶ 5-7.) The CarFax report showed that the most recent mileage of the GMC truck was 275,292 miles in January 2018, and it included five instances between November 19, 2012 and January 14, 2018 when the GMC truck was serviced with more than 160,360. (Doc. 82 ¶¶ 23, 25.) The Workbench report obtained by Plaintiff also showed that the GMC truck was serviced on December 29, 2017 with 275,292 miles. (Doc. 82-1 Ex. L.) Therefore, the Court finds that there is a dispute of material fact as to whether Defendant Galvez intended to defraud when he transferred the GMC truck to Henry Brown Buick. Accordingly, the Court denies summary judgment both for Defendant Henry Brown Buick and Defendant Galvez.

**C. Defendant Perico's Construction**

---

[1] What's more, even though the dealer stated that it was looking to see if the GMC truck had been in an accident, the CarFax report lists an accident immediately above and below listings which show the vehicle was serviced with more than 160,360 miles. (Doc. 82-1 Ex. G.)

The Court will deny Defendant Perico's Construction's motion for summary judgment. Perico's Construction was listed as a d.b.a. for Defendant Galvez on the title of the truck while he owned it, (Doc. 76 ¶ 5, Exs. A, B), and Perico's Construction provides no other authority or facts to show why it should be dismissed from the case. Thus, its request for summary judgment on its behalf is denied.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Defendant Henry Brown Buick's Motion for Summary Judgment. (Doc. 75.)

**IT IS FURTHER ORDERED** denying Defendants Galvez and Perico's Construction's response/joinder in Defendant Henry Brown Buick's Motion for Summary Judgment. (Doc. 80.)

Dated this 25th day of June, 2021.

Honorable Susan M. Brnovich
United States District Judge